IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY HEARD, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-cv-4158 ) |
| BECTON, DICKINSON & COMPANY, | ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Defendant Becton, Dickinson and Company ("BD") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has subject-matter jurisdiction under 28 U.S.C. 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000. This Court also has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b).

**I.  Overview of Complaint.**

Plaintiff alleges that BD manufactures medical technology that requires users to scan their biometric information in a manner that was negligent and violated BIPA. *See, e.g.*, Complaint ¶¶ 1-2, 9-19. He alleges that since at least 2015, he has worked as a respiratory therapist for at least five different Illinois hospitals that use BD devices that allegedly collect biometric information. *Id.* ¶¶ 49-50. He alleges he was required to, and did in fact, repeatedly scan his finger using BD devices. *Id.* ¶¶ 50-53. He asserts three causes of action on behalf of himself and a putative class. *See* Complaint, which is attached as part of Exhibit 1. All three

causes of action allege violations of the Illinois Biometric Information Privacy Act ("BIPA"). *See id.* ¶¶ 78-105.

Plaintiff defines the putative class as follows:

> All individuals working in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by Defendant during the applicable statutory period.

*Id.* ¶ 69. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA[.]" *Id.*, Prayer for Relief C.

**II. This Court has subject-matter jurisdiction over this case.**

This Court has subject-matter jurisdiction for two reasons.

First, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. Specifically, upon information and belief, Plaintiff is a citizen of Illinois. *See* Complaint ¶¶ 49-50. BD is a citizen of New Jersey because it is headquartered in New Jersey and incorporated in New Jersey. 28 U.S.C. § 1332(c)(1)) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation).

The amount in controversy exceeds $75,000 because Plaintiff seeks damages of "$5,000 for *each* intentional and/or reckless violation of BIPA." Complaint Prayer For Relief C.[1] For removal purposes, BD must only put forth a "good faith estimate that is plausible and adequately supported by the evidence," such as "by calculation from the complaint's allegations." *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). Based on the Complaint's allegations, there are two different reasons the $75,000 amount in controversy requirement is

---

[1] $5,000 is the correct number to use for purposes of determining the amount in controversy, not the alternative $1,000-per-employee request for negligence. *See, e.g.*, *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005) (amount in controversy satisfied because, on the face of the complaint, it was not "legally impossible at the outset" for the plaintiff to recover in excess of the jurisdictional minimum).

met. First, Plaintiff's Complaint claims damages of $5,000 per violation. The Complaint does not specify, and no Court has yet addressed, exactly what constitutes a "violation" of BIPA, but under one theory, BIPA plaintiffs may recover damages for each time they allegedly scanned their finger. If a court were to allow damages on a per-scan basis, Plaintiff would need to scan his finger 15 times on BD devices in order to meet the $75,000 threshold (15 x $5,000). Plaintiff alleges that he worked for at least five different hospitals that used BD's devices, that he was required to scan his finger at each to enroll in the hospital's systems and then again "each time he accessed the [BD] devices." Complaint ¶¶ 49-53. Thus, it is plausible that Plaintiff scanned his finger 15 times or more.

Alternatively, Plaintiff also alleges at least four separate types of statutory violations of BIPA at each of the five hospitals at which Plaintiff worked since 2015. (BIPA does not contain a statute of limitations, and no court has decided what Illinois statute of limitations applies, but the "catch-all" statute of limitations in Illinois is five years. 735 ILCS 5/13-205.) Plaintiff alleges that he was not (1) informed "of the specific limited purposes or length of time" for which his data was collected; (2) informed of any biometric data retention policy; (3) provided with a written release; or (4) asked for consent to disclose his biometric information to a third party. Thus, claims Plaintiff, "Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's *violations* of BIPA." Complaint ¶¶ 9, 54-57. Given Plaintiff's allegations of at least four different types of multiple, ongoing BIPA violations by BD at no less than five different hospitals, 15 violations of BIPA are ascertainable from the face of Plaintiff's Complaint and the amount in controversy requirement of $75,000 is met.

Second, this Court also has subject-matter jurisdiction under the Class Action Fairness Act because this a purported class action in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions) and 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Here, for the reasons given above, minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

The amount in controversy exceeds $5 million because: Plaintiff alleges that BD provides the devices at issue to "dozens of hospitals" in Illinois. Complaint ¶ 1. Plaintiff further alleges that "[w]ithin a single hospital location, there are typically multiple [BD] devices." *Id.* ¶ 2. Plaintiff claims that BD fails to provide information and disclosures required by BIPA to the employees of these "dozens" of hospitals. *Id.* ¶¶ 37-42. Plaintiff seeks damages of "$5,000 for *each* intentional and/or reckless violation of BIPA." Complaint Prayer For Relief C. Plaintiff alleges that BD violated BIPA in at least four different ways. *Id.* ¶¶ 9, 54-57. Four violations multiplied by $5,000 per violation is $20,000 per class member. Thus, a class of 250 would allegedly place an amount in controversy of $5,000,000 (250 x $20,000). The hospitals' employees use BD's devices after BD sells or leases them to the hospitals, so BD has no way to know exactly how many employees use a device at a given hospital, but is plainly plausible to reason that "dozens of hospitals," each with "multiple" BD devices, would among them have at least 250 users of BD devices falling within the class definition. Alternatively, if the per-finger-scan theory of damages discussed above is applied, a much smaller number of class members would be needed—even one person who scanned their finger 1,000 times on BD devices would,

4

under the per-finger-scan theory, meet the $5 million amount-in-controversy threshold.[2] CAFA jurisdiction therefore also is present.

### III. The procedural requirements for removal have been satisfied.

This notice is timely. BD has no record of having yet been served, but the Complaint was filed less than 30 days ago. *See* 28 U.S.C. § 1446(b).

BD is today filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit 3. BD is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

| | |
|---|---|
| Dated: June 20, 2019 | Respectfully submitted, |
| | BECTON, DICKINSON, AND COMPANY |
| | By: /s/ Matthew C. Wolfe |
| | Gary M. Miller<br>Matthew C. Wolfe<br>SHOOK, HARDY & BACON L.L.P.<br>111 South Wacker Drive, Suite 4700<br>Chicago, IL 60606<br>Tel: (312) 704-7700<br>Fax: (312) 558-1195<br>Firm No. 58950<br>gmiller@shb.com<br>mwolfe@shb.com |
| | ***Attorneys for Defendant Becton, Dickinson and Company*** |

---

[2] The Pyxis MedStation systems and related devices described in the Complaint are commonly used in hospitals by nurses and pharmacists to track and access medication. *See* https://www.bd.com/en-us/offerings/capabilities/medication-and-supply-management/medication-and-supply-management-technologies/pyxis-medication-technologies/pyxis-medstation-es (describing Pyxis MedStation systems and their functionality); Ex. 2 (Declaration of an Illinois hospital employee describing how her hospital uses Pyxis MedStations filed in *Mosby v. Ingalls Mem. Hosp.*, No. 18 CH 05031 (Cook County, Ill.)). The systems are comprised of locking drawers that typically contain pharmaceuticals and a computer console that a nurse or other authorized person can use to access patient information. A finger scan is used to gain access to these systems. *See id*. Thus, for example, a nurse who worked five days a week, 50 weeks per year, would need to scan her finger on a MedStation only four times per day to reach 1,000 finger scans in just one year.

4838-3765-8522

## **CERTIFICATE OF SERVICE**

I, Matthew C. Wolfe, an attorney, hereby certify that on **June 20, 2019**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Heard v. Becton, Dickinson and Company*, Case No. 2019CH06434, in the Circuit Court of Cook County, addressed as follows:

>Ryan F. Stephan
>James B. Zouras
>Catherine T. Mitchell
>Haley R. Jenkins
>STEPHAN ZOURAS, LLP
>100 North Riverside Plaza, Suite 2150
>Chicago, IL  60601
>(312) 233-1550
>(312) 233-1560 (Fax)
>jzouras@stephanzouras.com
>rstephan@stephanzouras.com
>cmitchell@stephanzouras.com
>hjenkins@stephanzouras.com

**Attorneys for Plaintiff Corey Heard**

　　　　　　　　　　　　　　　　　*/s/ Matthew C. Wolfe*

4838-3765-8522