IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY HEARD, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:19-CV-4158 |
| v. | )<br>) Honorable Rebecca R. Pallmeyer |
| BECTON, DICKINSON & COMPANY, | )<br>) Magistrate Judge Hon. Gabriel A. Fuentes |
| Defendant. | )<br>)<br>) |

**BECTON, DICKINSON AND COMPANY'S MOTION TO STAY
PENDING ONGOING APPEALS**

Defendant Becton, Dickinson and Company ("BD") hereby moves this Court to stay all proceedings in this lawsuit pending decisions by (i) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No 20-3202, (ii) the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562, and (iii) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.[1]

BD further requests that the Court stay the responsive pleading deadline, which is currently April 15, pending resolution of this Motion. A stay of that deadline is appropriate because, as discussed below, the pending appeals could affect BD's defenses and the scope of discovery in this case. BD therefore respectfully requests a decision on its request for a stay before this litigation goes further.

---

[1] The *Cothron*, *Tims*, and *Marion* orders granting leave to appeal are attached hereto as, respectively, Exhibits A, B, and C.

4840-5560-2146

A stay of this case is proper pending resolution of the appeals in *Cothron*, *Tims*, and *Marion*. The appeals in those cases each address issues that are fundamental to this case: statute of limitations and accrual of claims. The outcomes of these appeals could result in a total dismissal of Plaintiff's claims. At a minimum, they will dramatically shape this lawsuit by controlling the size of the putative class. As several other courts in this District have recognized in very similar situations, the most prudent course for this Court would be to stay this BIPA case in its entirety pending the resolution of these appeals so that this lawsuit can be litigated under the most recent and accurate state of the law for BIPA claims.

## FACTUAL BACKGROUND

Plaintiff Corey Heard's ("Heard") First Amended Complaint ("Complaint") alleges various violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, relating to Heard's use of Pyxis devices while working as a respiratory therapist at multiple hospitals. Heard alleges that the hospitals required him to scan and enroll his fingerprint to use as an authentication method to access the Pyxis devices used by the hospitals. (Dkt. 37 at ¶¶ 61-63.) Plaintiff further alleges that through his use of those Pyxis devices, BD improperly collected, possessed, and disclosed Plaintiff's biometric data without complying with the requirements of BIPA. (*Id.* at ¶¶ 93-120.)

BD denies that it ever collected or possessed Plaintiff's biometric data. As the Court noted in its recent Opinion, Heard has sued not only BD, but also several of his former hospital employers. In those lawsuits and this one, he alleges that each time he started at a new hospital, he had to re-enroll his finger in the devices at issue. (Dkt. 59 at 10-11.) This allegation and others contradict Heard's claims that BD collects and stores his information in a "BD database," and BD is prepared to prove that no such "BD database" exists.

2

For purposes of this motion, however, the key fact is that Heard alleges that BD first collected and/or possessed his biometric data no later than May 2015. (Dkt. 37 at ¶ 61.) To conserve the parties' and the Court's time, effort, and resources, BD respectfully requests a stay based on pending appeals that will shape the law on the statute of limitations for BIPA claims and could potentially end this case outright. The appeals are summarized next.

*Tims and Marion.* On April 23, 2020, the Illinois Appellate Court for the First Judicial District granted a petition for interlocutory appeal under Illinois Supreme Court Rule 308 in *Tims* to determine whether BIPA claims are governed by a one-year or five-year statute of limitations. *See* Ex. B. Shortly thereafter, the Illinois Appellate Court for the Third Judicial District granted a Rule 308 petition in *Marion* to address whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. *See* Ex. C. Both cases are fully briefed; *Marion* is currently stayed because it also involves an issue, workers' compensation preemption, currently before the Illinois Supreme Court (but not relevant here). A ruling in *Tims* could be imminent, though oral argument has not been held.

*Cothron.* On November 9, 2020, the Seventh Circuit Court of Appeals granted a petition in *Cothron* brought pursuant to 28 U.S.C. § 1292(b) that will address the following crucial issue:

> Whether a private entity violates Sections 15(b) or 15(d) of [BIPA] only when it is alleged to have first collected or to have first disclosed ['biometric data'] of an individual without complying with those Sections, or whether a violation occurs under Sections 15(b) or 15(d) each time that a privacy entity allegedly collects or discloses the individual's biometric data.

*Cothron v. White Castle Sys., Inc.*, No. 1:19-cv-00382, Defendant White Castle System, Inc.'s Motion to Amend Ruling to Certify Question for Appeal, ECF No. 135, at 1 (N.D. Ill. Aug. 17, 2020). Briefing in *Cothron* is scheduled to be completed by May 2021. *Cothron v. White Castle Sys., Inc.*, No. 20-3202, ECF No. 13 (7th Cir. Mar. 2, 2021).

**ARGUMENT**

This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). As explained below, the outcomes of the above appeals will be binding on, or at least critically persuasive to, this Court's resolution of key legal issues in this case. The Court therefore should exercise its discretion to stay the case until the issues presented by the above appeals are decided.

**I.  A one- or two-year statute of limitations would bar all of Plaintiff's claims in this case.**

Most importantly, if the First District and the Third District hold that BIPA claims are governed by a one-year statute of limitations (or if the Third District concludes that such claims are subject to a two-year statute of limitations), Plaintiff's BIPA claims would be time-barred.[2] Plaintiff's case centers on BD's alleged failure to obtain his consent before it allegedly collected his biometric data and allegedly disclosed it to third parties. But Plaintiff alleges that he worked "as a respiratory therapist for multiple hospitals that utilize Pyxis, including St. Bernard Hospital from May 2015 until November 2017, Norwegian American Hospital in 2018, Community First Medical Center in 2018 and 2019, Weiss Memorial Hospital January in 2019 and Advocate

---

[2] A decision on the statute of limitations by the Illinois Appellate Courts would likely bind this Court. *See Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) ("The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision . . . would likely be binding here.") (citing *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015)).

Illinois Masonic Hospital March 2019 to the present," and that BD allegedly collected or possessed his biometric data at all of those locations. (Dkt. 37 at ¶ 61.)

Plaintiff filed the initial complaint in this case in the Circuit Court of Cook County, Illinois on May 24, 2019 (Dkt. 1-1). Accordingly, if the Illinois Appellate Court determines that a one- or two-year statute of limitations applies, and the Seventh Circuit holds in *Cothron* that a BIPA violation accrues upon the first unauthorized collection or disclosure of biometrics, Plaintiff's claim will be time-barred, because his first scan on a Pyxis device occurred more than two years prior to filing.

A court assessing a motion to stay should consider whether staying the proceedings has the potential to save time, money, and effort for everyone concerned and, if so, weigh such benefits against potential hardships the stay will impose on the opponent. *Landis*, 299 U.S. at 254. Granting a stay is particularly appropriate where doing so will "avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). As other district courts have already concluded, staying a case in which a defendant could seek dismissal of a plaintiff's BIPA claims on statute-of-limitations grounds pending the appeals courts' decisions in *Cothron*, *Tims*, and *Marion* will preserve time and resources the parties would otherwise expend drafting and arguing motions, conducting discovery, and litigating potential discovery disputes, and will also preserve time the Court would devote to resolving those motions and disputes. *See, e.g., Donets v. Vivid Seats LLC*, No. 1:20-cv-03551, ECF No. 37 at 4 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.).

This same principle holds true here. As noted above, if the Illinois Appellate Courts hold that either the one-year or the two-year statute of limitations applies to BIPA claims, Plaintiff's

4840-5560-2146

claims will be untimely and must be dismissed. In that case, any effort and expense spent on litigating Plaintiff's claims while the appeals were pending would be wasted.

**II.     The pending appeals will also impact whether class certification is appropriate.**

The outcome of the appeals will also bear heavily on the issue of class certification. The appeals in *Cothron*, *Tims*, and *Marion* all have the potential to vastly impact the size of the class, as their combined outcome could limit or even eliminate the putative class's timely claims. Efforts to conduct adequate class discovery and litigate the issue of class certification make little sense while so many unanswered legal questions are being considered by the Illinois Appellate Courts and the Seventh Circuit that will directly impact any class Plaintiff could try to certify. This alone warrants a stay.

Numerous federal courts evaluating recent motions to stay BIPA cases agree. *See*, *e.g.*, *Donets*, No. 1:20-cv-03551, ECF No. 37 at 4 (concluding that plaintiff's "concerns do not justify denying [defendant's] request for a stay, taking into account the economies to be gained from staying this litigation" and granting a stay pending *Cothron*, *Marion*, and *Tims*); *see also Varnado v. W. Liberty Foods*, No. 20-CV-2035, 2021 WL 545628, at *2 (N.D. Ill. Jan. 5, 2021) (Coleman, J.) (staying a BIPA case pending the appeal in *Tims* because "[defendant's] concerns do not outweigh the judicial economy of staying these proceedings under the circumstances"); *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *3 (N.D. Ill. Oct. 23, 2020) (Aspen, J.) (noting that "courts have concluded that stays are appropriate considering countervailing interests weighing in favor of a stay" and granting stay pending *Tims*); *Bell v. SDH Servs. W., LLC*, No. 1:20-cv-01381, ECF No. 22 at 3 (N.D. Ill. Aug. 27, 2020) (Ellis, J.) ("[T]he ruling in *Tims* could streamline discovery and class certification proceedings. In light of these

considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay.").[3]

## CONCLUSION

For the reasons discussed above, BD respectfully requests that the Court enter an order staying all proceedings pending decisions by the Seventh Circuit Court of Appeals in *Cothron v. White Castle Sys., Inc.*, No. 20-3202; the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562; and the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.

BD further requests that the Court stay the April 15 responsive pleading deadline pending resolution of this Motion.

Dated: March 25, 2021

Respectfully submitted,

BECTON, DICKINSON AND COMPANY

By: */s/ Matthew C. Wolfe*
      One of Its Attorneys

Gary M. Miller
Matthew C. Wolfe
Erika A. Dirk
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
gmiller@shb.com
mwolfe@shb.com
eadirk@shb.com

---

[3] Numerous Illinois state trial courts have also granted stays pending current BIPA appeals, as did the Illinois Appellate Court for the Third District in *Marion*.

4840-5560-2146

## **CERTIFICATE OF SERVICE**

I, Matthew C. Wolfe, an attorney, hereby certify that on **March 25, 2021,** I caused a true and correct copy of the foregoing **BECTON, DICKINSON AND COMPANY'S MOTION TO STAY PENDING ONGOING APPEALS** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to the following counsel:

>Ryan F. Stephan
>James B. Zouras
>Catherine T. Mitchell
>Haley R. Jenkins
>STEPHAN ZOURAS, LLP
>100 North Riverside Plaza, Suite 2150
>Chicago, IL  60601
>(312) 233-1550
>(312) 233-1560 (Fax)
>jzouras@stephanzouras.com
>rstephan@stephanzouras.com
>cmitchell@stephanzouras.com
>hjenkins@stephanzouras.com
>
>***Attorneys for Plaintiff Corey Heard***

>             */s/ Matthew C. Wolfe*

4840-5560-2146

# EXHIBIT A

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

SHORT RECORD
Appeal No. 20-3202
Filed 11.12.2020

**ORDER**

November 9, 2020

Before

DIANE S. SYKES, *Chief Judge*
JOEL M. FLAUM, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*

| No. 20-8029 | IN RE:<br> WHITE CASTLE SYSTEM, INC.,<br>Petitioner |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:19-cv-00382<br>Northern District of Illinois, Eastern Division<br>District Judge John J. Tharp | |

The following are before the court:

1. **WHITE CASTLE SYSTEM, INC.'S PETITION FOR PERMISSION TO APPEAL ORDER PURSUANT TO 28 U.S.C. § 1292(b)**, filed on October 13, 2020, by counsel for the petitioner.

2. **PLAINTIFF-RESPONDENT'S ANSWER IN OPPOSITION TO DEFENDANT-PETITIONER'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**, filed on October 29, 2020, by counsel for the respondents.

**IT IS ORDERED** that the petition for permission to appeal is **GRANTED**. The district court's certification of its order, the petition, and the answer each address a certified question that the petitioner proposed and the district court reframed. But 28 U.S.C. § 1292(b) does not authorize appeal of a particular question; it authorizes appeal of an "order [that] involves a controlling question of law." The appeal is not confined to what either the district court or the parties identified as the "certified question." *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996); *Edwardsville Nat. Bank & Tr. Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987).

**IT IS FURTHER ORDERED** that the petitioner shall pay the required docket fees to the clerk of the district court within fourteen days from the entry of this order pursuant to Federal Rule of Appellate Procedure 5(d)(1). Once the district court notifies this court that the fees have been paid, the appeal will be entered on this court's general docket. The district court stated that it intended to stay further proceedings in the case if we were to accept the appeal, and we agree that such a stay is warranted.

# EXHIBIT B

No. 1-20-0563

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| JOROME TIMS, and ISAAC WATSON, Individually and on Behalf of a Class of Similarly Situated Persons, ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Respondents, ) ) | |
| v. ) ) | No. 19 CH 3522 |
| BLACK HORSE CARRIERS, INC., ) ) | Honorable David B. Atkins, |
| Defendant-Petitioner. ) | Judge Presiding |

ORDER

Justices Mikva, Cunningham, Connors, and Harris order as follows:

This matter coming to be heard on defendant-petitioner Black Horse Carriers, Inc.'s petition for leave to appeal pursuant to Illinois Supreme Court Rule 308(a);

IT IS HEREBY ORDERED: the petition for leave to appeal is GRANTED.

**ORDER ENTERED**

APR 2 3 2020

**APPELLATE COURT FIRST DISTRICT**

# EXHIBIT C

STATE OF ILLINOIS
THIRD DISTRICT APPELLATE COURT



Matthew G. Butler
Clerk of the Court
815-434-5050

1004 Columbus Street
Ottawa, Illinois 61350
TDD 815-434-5068

July 21, 2020

Matthew Charles Wolfe
Shook, Hardy & Bacon, LLP
111 South Wacker Drive Suite 4700
Chicago, IL 60606

RE: Marion, Scott v. Ring Container Technologies, LLC
General No.: 3-20-0184
County: Kankakee County
Trial Court No: 19L89

The court has this day, July 21, 2020, entered the following order in the above entitled case:

Appellant's Application for Leave to Appeal, pursuant to Supreme Court Rule 308, Answer of Appellee noted, is ALLOWED.

| | |
|---|---|
| Appellant's Brief Due | 08/25/2020 |
| Appellee's Brief Due | 09/29/2020 |
| Reply Brief Due | 10/13/2020 |

Matthew G. Butler
Clerk of the Appellate Court

c: Hon. Adrienne W. Albrecht
David Jonathon Fish
Erika Anne Dirk
Kankakee County Circuit Court
Kimberly Anne Hilton
Mara Ann Baltabols
Melissa A. Siebert