UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY HEARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON & CO.,<br><br>Defendant. | Case No. 19 C 4158<br><br>District Judge Jeffery I. Cummings<br><br>Magistrate Judge Gabriel A. Fuentes |

**ORDER**

This Illinois Biometric Information Privacy Act ("BIPA") matter is before the Court on referral that includes discovery supervision (D.E. 94). Defendant's unopposed motion to stay this matter ("Motion to Stay"; D.E. 209) in the wake of the Illinois Supreme Court's recent decision in *Mosby, et al. v. The Ingalls Mem. Hosp., et al.*, 2023 IL 12981, 2023 WL 8266305 (Ill. Nov. 30, 2023), is directed to staying ongoing expert discovery as well as to scheduled non-discovery matters such as class certification.

The Motion to Stay, though unopposed, omits a few details. First, discovery supervision in this matter is currently before the magistrate judge per a referral dated October 19, 2022 (D.E. 93, 94), so the requested discovery aspect of the unopposed motion to stay is within the scope of the referral and thus is before the magistrate judge, notwithstanding defendant having presented the motion as before the district judge. Second, the district court per Chief Judge Pallmeyer previously denied, on March 23, 2022 (D.E. 70), a defense motion to stay this matter (including discovery) pending judicial resolution of other appellate matters (besides *Mosby*) concerning BIPA. Third, after the district court's March 22, 2022, order, the undersigned magistrate judge on

referral already considered a second defense motion to stay, this one based on the pendency of *Mosby*, and denied that motion on January 30, 2023. 1/30/23 Order (D.E. 119).

The magistrate judge's denial of the second stay motion based on *Mosby*'s then pendency reasoned that the second stay motion presented a closer call than had the earlier motion to stay denied by the district court, but that based on the level of discovery taken already by then, denial of the discovery stay was a sound exercise of the magistrate judge's broad discretion to manage discovery under *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013). 1/30/23 Order at 1-3. The Court noted: "This already three-year-old case will see its fourth birthday in June 2023, likely with no resolution in sight if the requested stay is in place." *Id.* at 3. But the outcome of the second stay motion could have gone either way.

Now that a third stay motion is on file in the wake of the Illinois Supreme Court's ruling for the defendants in *Mosby*, the issue is before us again. Notably, the *Mosby* defendants include the defendant here, and the Illinois Supreme Court's resolution of *Mosby* has prompted defendant to move the district court separately for reconsideration (D.E. 208) of its earlier order (D.E. 70) denying defendant's motion to dismiss directed at issues defendant now says have been decided in its favor in *Mosby*. With *Mosby* now decided, the threshold nature of the *Mosby* issue now presented in defendant's motion to reconsider is elevated on the instant Motion to Stay to a point that weighs more strongly in favor of a stay. *See New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2-3 (N.D. Ill. Feb. 20, 2013) (discussing "threshold" issues as triggering discovery stays when dismissal motions are pending). Further, as far as discovery is concerned in this matter, fact discovery now is completed, and only expert discovery remains. A halt of expert discovery would mark a logical stopping point for discovery

for purposes of efficiency. Finally, the proposed discovery stay is unopposed. Considering these more recent developments, the stay of discovery is granted.

The magistrate judge leaves the class certification and other, non-discovery aspects of the requested stay up to the district court but sees them as worthy of being stayed as well, under applicable law approving stays, and given the lack of opposition from plaintiff. For the reasons stated above, the Motion to Stay is granted in part as stated herein (with respect to all discovery) and denied in part without prejudice as to the non-discovery matters within the purview of the district court.

**SO ORDERED.**

ENTER:

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: January 12, 2024**