**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COREY HEARD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-CV-4158 |
| v. | ) ) | Honorable Jeffrey I. Cummings |
| BECTON, DICKINSON & COMPANY, | ) ) | Magistrate Judge Hon. Gabriel A. Fuentes |
| Defendant. | ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE MARCH 9, 2021, ORDER DENYING DEFENDANT'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiff Corey Heard, individually and on behalf of all others similarly situated, by and through counsel, submits his Response to Defendant Becton, Dickinson & Company's ("BD") Motion for Reconsideration ("Motion"). On March 9, 2021, this Court found that BIPA's Health Care Exclusion excludes from BIPA's protections only the information of patients, not health care workers like Plaintiff.[1] Recently, the Illinois Supreme Court in *Mosby v. The Ingalls Mem. Hosp., et al.*, 2023 IL 129081 ("*Mosby*") ruled that BIPA's HIPAA exclusion also applies to the biometric information of health care workers, but only if it is collected for "health care treatment, payment or operations under HIPAA." Under the specific facts of *Mosby,* the Court held that the hospital defendant, a HIPAA-covered entity, did collect biometric data from nurses when they accessed medication and medical supplies for patient health care treatment, as that information was "collected, used, or stored for health care treatment, payment, or operations under [HIPAA]." *Id.*

---

[1] BIPA's HIPAA exclusion provides: "Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]." 740 ILCS 14/10.

¶ 57.   Because BD is not a "covered entity" under HIPAA and does not collect, use or store biometric information for "health care treatment, payment or operations under HIPAA," it cannot benefit from the exclusion as under the reasoning of *Mosby*. The practical effect of this Court's Order remains unchanged and Defendant's Motion should be denied.

## I.      INTRODUCTION

In its March 9, 2021 Order, this Court carefully considered the applicability of BIPA's Section 10 "Health Care Exclusion." Specifically, it held that the Section 10 Exclusion: (1) excludes the biometric information of patients, not health care workers, from BIPA's protections, and (2) cannot shield BD from BIPA liability because the exemption contemplates only information collected for "health care treatment, payment, or operations under [HIPAA]," and BD, which is not a HIPAA-covered entity, does not and cannot lawfully collect biometric information for health care treatment, payment, or operations under HIPAA. Dkt. No. 59.  Under the recent *Mosby* decision, certain health care workers may be excluded from BIPA protection when a HIPAA-covered entity collects their biometric data for "health care treatment, payment or operations under HIPAA." BD now seizes upon *Mosby*, seeking to dramatically expand its holding to shield biometric data collectors which, like BD, indisputably never engage in any activities "under HIPAA." But BD is not a HIPAA-covered entity, and the information it collects is not "information collected, used, or stored for health care treatment, payment, or operations under HIPAA." Because of this, BD is still liable for its biometric data collection practices, and its Motion to Reconsider this Court's holding should be denied.

## II.     LEGAL STANDARD

"Motions to reconsider 'serve limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Pittsfield Dev., Ltd. Liab. Co. v. City of Chi.*, 2019 WL

1125818, at *3 (N.D. Ill. Mar. 12, 2019) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). Although a motion to reconsider falls squarely within the Court's discretion, these motions are disfavored and only granted in rare circumstances. *Id.* (citing *Patrick v. City of Chi.,* 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); *Caine v. Burge*, 897 F. Supp. 2d 714, 717, (N.D. Ill. 2012)). "Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Gen. Cas. v. United States Gov't*, 2014 WL 4269096, at *1 (N.D. Ill. Aug. 28, 2014) (quoting *Bank of Wannakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

## III.  ARGUMENT

### A.  *Mosby* Has No Bearing on Entities Not Covered by HIPAA Like BD.

The Illinois Supreme Court in *Mosby* addressed two certified questions related to the Section 10 BIPA Exclusion, namely:

> Whether the exclusion in Section 10 of [the Biometric Information Privacy Act (Act) (740 ILCS 14/10 (West 2018))] for 'information collected, used, or stored for health care treatment, payment, or operations under the federal Health [I]nsurance [P]ortability and Accountability Act of 1996' [(HIPAA)] applies to biometric information of health care workers (as opposed to patients) ***collected, used or stored for health care treatment, payment or operations under HIPAA***;
>
> and
>
> Does finger-scan information collected ***by a health care provider*** from its employees fall within the [Act's] exclusion for 'information collected, used, or stored for health care treatment, payment, or operations under [HIPAA],' 740 ILCS 14/10 [(West 2018)], when the employee's finger-scan information is used for purposes related to 'health care,' 'treatment,' 'payment,' or 'operations' as those terms are defined by the HIPAA statute and regulations?

*Mosby*, 2023 IL 129081, ¶ 1 (emphasis added). The Court answered both questions in the affirmative, and its answer does nothing to change the outcome of this Court's ruling. The Illinois

Supreme Court in *Mosby* answered two certified questions. It did not, as Defendant apparently believes, exonerate BD along with the hospital defendants in *Mosby* from BIPA liability. Instead, its holding was narrow and specific: BIPA's Section 10 exclusion applies to information collected by a health care provider or information collected from health care workers where the information at issue is "collected, used, or stored for health care treatment, payment, or operations," as those terms are defined by HIPAA. As the Court took pains to note, "[w]e are not construing the language at issue as a broad, categorical exclusion of biometric identifiers taken from health care workers." *Id.* at ¶ 57. BD simply cannot read into *Mosby* a coverage exclusion that does not exist.

Under HIPAA, a health care provider is "a provider of medical or health services, […] and any other person or organization who furnishes, bills, or is paid for health care in the normal course of business." 45 CFR § 160.103. BD is not a health care provider. BD is a systems and software provider specializing in products like workstations, medication cabinets, controlled substance managers, and similar systems or devices which require medical professionals to scan their fingerprints to access medications. In other words, it cannot lawfully treat patients. BD does not dispute that it is not a health care provider. Dkt. No. 208 at 11 (emphasizing that BD is a "third party" and not a health care provider).

Nor is BD a "covered entity" under HIPAA. HIPAA's requirements "apply to covered entities." 45 CFR § 164.500(a). Under HIPAA, a covered entity is: (1) a health plan; (2) a health care clearinghouse; or (3) "a health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." 45 C.F.R. § 160.103. This Court has expressly held that BD is none of those things. 524 F.Supp.3d 831, 844-45 (N.D. Ill. 2021) ("BD falls into none of these categories.") BD does not dispute this. Dkt. No. 208 at 12 (whether BD is a 'covered entity' has no bearing on this analysis."). In fact, BD's own outward-

4

facing policies indicate that it is not a Covered Entity under HIPAA. BD's public Privacy Policy states that the policy "does not apply to" data "subject to [HIPAA]," and that such data would instead be subject to a separate policy only "when we handle such data as a Covered Entity," and otherwise, the data will be subject to "contractual requirements with our business customers when we act as Business Associate." The website then redirects to the Privacy Policy for Liberator Medical Supply ("LMS"). LMS is a catheter and ostomy supply company that sells BD products.[2]

Relatedly, and as further described *infra*, BD does not collect, use or store Plaintiff's biometric data for "health care treatment, payment or operations under HIPAA." BD's inability to satisfy these prerequisites to fall within the limited exception, dooms its bid for reconsideration. Indeed, *Mosby* makes clear that the legislature did not intend to relieve entities like BD, which are not health care providers and cannot engage in any activities under HIPAA, from the duty to secure informed consent before collecting biometric data as required by BIPA.

The Section 10 Exclusion provides:

"Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]."

740 ILCS 14/10. As stated by *Mosby*, "the legislature's decision to use the phrase 'health care treatment, payment, and operations' and to immediately follow it with the prepositional phrase 'under [HIPAA]' makes clear that the legislature was directing readers to HIPAA to discern the meaning of those terms." *Mosby*, 2023 IL 129081 ¶ 52. Each of the terms "treatment," "payment," and "operations" is defined under HIPAA. More specifically:

- "'Treatment' means the provision, coordination, or management of health care and related services <u>by one or more health care providers</u>,' which includes 'the coordination or management of health care by a health care provider with a third party; consultation

---

[2] BD's Privacy Policy is accessible here: https://www.bd.com/en-us/about-bd/policies/privacy-policy-statement.

between health care providers relating to a patient; or the referral of a patient for health care from one health care provider to another.'" *Mosby*, 2023 IL 129081 ¶ 50 (citing 45 C.F.R. § 164.501) (emphasis added).

- "'Payment' includes 'activities undertaken by *** [a] <u>health care provider or health plan</u> to obtain or provide reimbursement for the provision of health care.'" *Id*. at ¶ 51 (45 C.F.R. § 164.501) (emphasis added).

- "'Health care operations' means, among other things, 'the following activities <u>of the</u> <u>covered entity</u> to the extent that the activities are related to covered functions:' conducting quality assessment and improvement activities, including, among other things, patient safety activities and protocol development; reviewing the competence or qualifications of health care professionals; and conducting or arranging for medical review and auditing functions, including fraud and abuse detection and compliance programs." *Id*. at ¶ 51 (emphasis added), (citing 45 C.F.R. § 164.501) (emphasis added).

Thus, *Mosby* holds that when the biometric data from a health care worker is captured by a health care provider or other covered entity, the entity enjoys the benefit of the exclusion only if it collects, uses or stores the data for health care "treatment, payment, or operations," as defined by HIPAA. *Mosby*, 2023 IL 129081. As BD is <u>not</u> a covered entity and is <u>not</u> collecting worker information for "health care treatment, payment, or operations under HIPAA," it does not fall within the Section 10 exclusion and is not exculpated from BIPA liability under the *Mosby* decision. Thus, this Court's March 2021 ruling that "BD cannot claim protection from the HIPAA exemption" remains correct.

**B.      BD Does Not Engage in Health Care "Treatment" or "Payment" Under HIPAA.**

As discussed above, BD is not a health care provider or covered entity under HIPAA. Even further, and as emphasized by the Illinois Supreme Court, "treatment" under HIPAA means the "provision, coordination, or management of health care and related services by <u>one or more health</u> <u>care providers</u>" which includes "the coordination or management of health care <u>by a health care</u> <u>provider</u> with a third party." *Mosby*, 2023 IL 129081, ¶ 50 (citing C.F.R. § 164.501) (emphasis added). BD cannot benefit from the second clause of the exclusion's "treatment" definition: it is

6

not a health care provider involved in the coordination or management of health care with a third party. BD's emphasis on the phrase "with a third party" does nothing to change this. Dkt. No. 208 at 11. The clause "the coordination or management of health care" is modified by the phrase "*by a health care provider*." That the actor in that clause—the health care provider—carries out the action of coordination or management with a third party is irrelevant. HIPAA-defined "treatment" is carried out only by health care providers, not third parties. BD is not entitled to expand to the meaning of the statute to include itself as a third party subject to BIPA exclusion.

Further, BD is not involved in "payment" under HIPAA. As clearly stated by HIPAA, and also emphasized by the Illinois Supreme Court, "payment" is a term defined by HIPAA, and involves "activities undertaken by…[a] health care provider or health plan to obtain or provide reimbursement for the provision of health care.'" *Mosby*, 2023 IL 129081 at ¶ 51 (citing 45 C.F.R. § 164.501). Once again, BD is indisputably not a "health care provider or health plan" that undertakes activities to "obtain or provide reimbursement for the provision of health care." Accordingly, it does not benefit from BIPA's Section 10 Exclusion, which excludes from BIPA's protection "information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]."

**C.      BD Does Not Engage in Health Care "Operations" Under HIPAA.**

As the *Mosby* court pointed out, "health care operations" is defined as certain activities of a "covered entity" to the extent that "the activities are related to the covered functions." *Mosby*, 2023 IL 129081 at ¶ 53 (citing HIPAA). BD advises the court that it is involved in some of these activities. Dkt. No. 208 at 11. But BD only addresses part of the definition.  It is not enough to simply engage in the delineated activities. While BD conveniently ignores it, but under the

definition of "health care operations", activities are only relevant *if* they are performed by a HIPAA-covered entity, which BD is not. *See supra* Section III(A).

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court deny Defendant Becton, Dickinson & Company's Motion for Reconsideration.

Dated:  February 9, 2024

Respectfully submitted,

COREY HEARD, individually and on behalf
of all others similarly situated,

By: */s/ Lauren A. Warwick*

Ryan F. Stephan
James B. Zouras
Catherine Mitchell
Lauren A. Warwick
STEPHAN ZOURAS, LLP
222 W. Adams Street Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
lwarwick@stephanzouras.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on February 9, 2024, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

/s/ Lauren A. Warwick